OPINION OF THE COURT
Per Curiam.
Respondent Robert A. Schachter was admitted to the practice of law in the State of New York by the Second Judicial Department on October 22, 1975 under the name Robert Alan Schachter. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department.
The Departmental Disciplinary Committee now seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (iii) suspending respondent from the practice of law based upon uncontested evidence of professional misconduct that immediately threatens the public interest. Respondent’s counsel has submitted an affidavit consenting to an interim suspension.
The Committee commenced an investigation into respondent’s professional conduct upon receipt of a letter dated September 21, 2009, from Ronald B. Goldman, the managing partner of respondent’s law firm, in which it alleged that respondent had misappropriated at least $96,000 in funds belonging to the firm for his own benefit and without permission. According to the firm, when respondent was confronted with the evidence of the diversion of firm funds, he acknowledged his conduct and admitted that it was improper and inappropriate.
In addition, the firm discovered that in June 2009, after respondent settled a client matter, the firm was to receive a modified fee of $26,500, but respondent diverted $9,957.11 of the fee for his personal use. Again, when respondent was confronted with the evidence, he admitted to diverting a portion of the firm’s fees.
The firm also discovered that in late 2008, respondent received a $5,000 cash retainer from a client which he did not pay over to the firm. When confronted, respondent advised the firm that he had forgotten to do so. In a March 13, 2012 supplemental letter to the Committee, the firm stated that it discovered that another client had sent a check for $5,410 as a retainer fee, but the firm has no record of ever receiving payment. The client file indicated that respondent prepared an invoice for the client of $5,410, but the firm’s billing statement indicated respondent billed the client only $450.
Respondent was terminated from the firm on July 15, 2009 and he entered into a separation agreement with the firm as of *47 September 2009, which includes a promissory note and a confession of judgment in the amount of $250,000, of which respondent had paid approximately $90,000 as of March 13, 2012.
Pursuant to its investigation, in October 2009, the Committee sent a copy of the complaint to respondent directing him to provide an answer. By letter dated December 1, 2009, respondent’s counsel stated that respondent intended to submit his resignation and, therefore, would not be submitting an answer to the complaint. By letter dated December 2, 2009, however, the Committee wrote respondent directly, requesting an answer. Respondent did not, and instead on December 15, 2009, he submitted his resignation acknowledging the Committee’s allegations and that he could not successfully defend himself on the merits against the charges.
The resignation was not accepted by the Committee, and the Committee continued its investigation. On August 19, 2010 the Committee wrote respondent’s counsel asking for an answer to the complaint. This request was declined. Likewise, respondent failed to answer a set of interrogatories on the grounds that the answers may incriminate respondent in violation of his Fifth Amendment privilege under the United States Constitution and the related provision of the New York State Constitution.
On March 16, 2012, the Committee sent respondent’s counsel a copy of the law firm’s supplemental letter and exhibits, and requested a reply to the new allegations that a $5,410 retainer was sent to the firm and the firm had no record of it. Respondent’s counsel answered that respondent declined to address the matters covered in that correspondence based upon his rights under the federal and state constitutions not to incriminate himself.
22 NYCRR 603.4 (e) (1) provides, in pertinent part, that an attorney who is the subject of an investigation may be suspended from the practice of law, upon a finding that the attorney is guilty of professional misconduct “immediately threatening the public interest.” Such finding may be based upon “uncontested evidence of professional misconduct” (22 NYCRR 603.4 [e] [1] [iii]).
According to the documentary evidence supplied by respondent’s former law firm, respondent misappropriated law firm funds for his own personal benefit without permission or authority to do so. Such conduct constitutes serious misconduct that immediately threatens the public interest warranting an interim suspension pending disciplinary proceedings.
*48 Accordingly, the Committee’s motion should be granted and respondent suspended from the practice of law, effective immediately, and until further order of this Court.
Acosta, J.E, Renwick, DeGrasse, Freedman and Richter, JJ., concur.
Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.